IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNY HADDOX, et al.,<br><br>      **Plaintiffs,**<br><br>v.<br><br>CENTRAL FREIGHTLINES, INC.;<br>NICHOLAS ROSHON MOORE,<br><br>      **Defendants.** | Case No. 18-CV-266-SEH-CDL |

## ORDER AND OPINION

Before the Court is Defendant Nicholas Roshon Moore's Motion for Partial Summary Judgment. [ECF No. 59]. Because the record is devoid of any evidence suggesting that Moore was guilty of reckless disregard for the rights of others or acted intentionally or with malice in relation to the September 22, 2017 collision, the Court grants him partial summary judgment as to Plaintiffs' punitive damages claim.

### I. Background

This litigation arises out of a semi-truck accident that resulted in the death of Blake Haddox. Plaintiffs sued Defendants Moore and Central Freightlines, Inc. ("CFL"), asserting claims of negligence (count one); negligence *per se* (count two); negligent hiring, retention, entrustment, supervision and training (count three); negligent damage to property (count

four); and punitive damages (count five). [ECF No. 2]. Moore has moved for partial summary judgment as to the punitive damages claim asserted against him. [ECF No. 60].

For purposes of determining the motion, the following material facts are undisputed:

Moore was a truck driver for CFL and had worked for the company for about two weeks before the collision. [ECF No. 2 at ¶ 8; ECF No. 59-2 at 16]. When CFL hired Moore, he was certified with a Class A CDL license. [ECF No. 59-2 at 10]. Moore did not have a history of any traffic accidents and had only one traffic citation. [*Id.* at 11]. When he began his employment with CFL, he completed the written tests and road tests administered by the company. [ECF No. 60-1 at 6:16–7:1; 11:18–12:16].[1] During his employment, Moore drove a truck that was owned by CFL to CFL terminals located in El Paso, Houston, Ft. Worth, Austin, Victoria, San Antonio, and Phoenix. [*Compare* ECF No. 2 at ¶ 17 *with* ECF No. 10 at ¶ 17; ECF No. 71-3 at 46:20–48:14].

On September 22, 2017, Moore left Houston, Texas at 1:00 a.m. [ECF No. 71-10 at 20]. He travelled to McKinney, Texas and then drove to Tulsa,

---

[1] Rule 56 permits courts to consider materials in the record other than those cited by the parties. Fed. R. Civ. P. 56(c)(3). For clarity, the Court cites to the CM/ECF record page numbers instead of the deposition transcript page numbers for any deposition testimony referenced in this order, unless otherwise noted.

Oklahoma. [*Id.*]. Moore was off duty from 10:30 a.m. until 8:45 p.m. and left CFL's terminal in Tulsa at 8:54 p.m. [*Id.*; ECF No. 81-1 at 10:15–11:3]. After leaving the Tulsa Terminal, Moore travelled northbound on Memorial Road. [ECF No. 70-6]. He came to a traffic light to turn left across the southbound lane, onto the Broken Arrow Expressway. [*Id.*]. Moore began to execute his turn when Blake Haddox, who was travelling southbound on a motorcycle, collided with the passenger side of his tractor. [ECF No. 71-6; ECF No. 2 at ¶ 9]. Haddox died from the injuries he sustained in the collision. [ECF No. 2 at ¶¶ 15-16]. At 9:11 p.m., Moore called CFL to advise them of the incident. [ECF No. 71-11 at 26; ECF No. 81-1 at 11:4-14]. CFL admits Moore was acting within the scope and course of his employment at the time of the accident. [*Compare* ECF No. 2 at ¶ 18 *with* ECF No. 10 at ¶ 18].

At the time, Moore had two pieces of paper taped to the passenger side of his front windshield. [ECF No. 71-1]. The placement of the papers violated CFL policy and federal regulations. [ECF No. 71-3 at 44:13–45:8]. Further, Moore's cellphone records indicate he was on his cellphone 167 times while he was allegedly driving for CFL. [*Compare* ECF No. 71-10 *with* ECF No. 71-11]. CFL has a zero-tolerance cellphone policy but has no system to monitor a driver's cellphone use while they are driving. [ECF No. 70-5; ECF No. 71-3 at 38:5-8].

3

The material disputed fact between the parties is the status of the traffic light when Moore initiated his turn. [*Compare* ECF No. 59-2 at 9 and ECF No. 60-3 at 12 *with* ECF No. 71-2 and ECF No. 71-4]. Moore and CFL contend he had a green arrow. [ECF No. 59-2 at 9; ECF No. 60-3 at 12; ECF No 81 at 3]. Plaintiffs contend there was a green light but not a green arrow, and Moore failed to yield. [ECF No. 71-2; ECF No. 71-4].

## II. Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material when it "might affect the outcome of the suit under the governing law." *Id.* at 248.

In applying the summary judgment standard, a court must view facts in the light most favorable to the non-moving party. *Forth v. Laramie Cnty. Sch. Dist. No. 1*, 85 F.4th 1044, 1059 (10th Cir. 2023). However, "[w]here the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The court's role at the summary judgment stage is not to weigh the evidence or resolve any disputed issues in favor of the moving party. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014). Rather, a court determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson* 477 U.S. at 251–52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255.

The moving party has the initial burden of showing that no genuine dispute of material fact exists. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). The movant "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotation marks omitted). If the movant carries its initial burden, "the burden shifts to the nonmovant to ... set forth specific facts ... from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671 (citations and internal quotation marks omitted). The nonmovant must set forth facts "by reference to affidavits, deposition

transcripts, or specific exhibits ….” *Id.* (citing *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), cert. denied, 506 U.S. 1013 (1992)). "In response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Am. Soc'y of Home Inspectors, Inc. v. Int'l Ass'n of Certified Home Inspectors*, 36 F.4th 1238, 1244 (10th Cir. 2022) (quoting *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)).

### III. <u>Discussion</u>

Moore moves the Court to grant partial summary judgment on Plaintiffs' punitive damages claim. [ECF No. 59]. He argues there is no evidence in the record to support presenting the issue of punitive damages to the jury. [ECF No. 59 at 4]. Plaintiffs respond that Moore's 167 instances of cellphone use while allegedly driving and the pieces of paper adhered to the passenger-side windshield of the semi-truck support their request for punitive damages. [ECF No. 71 at 16–17].

Under Oklahoma law, punitive damages are available upon clear and convincing evidence that "[t]he defendant has been guilty of reckless disregard for the rights of others" or "[t]he defendant has acted intentionally and with malice towards others …." 23 O.S. §§ 9.1(B)(1), (C)(1), and (D)(1). A person acts in reckless disregard for the rights of others if he "was either

6

aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others." *Gowens v. Barstow*, 364 P.3d 644, 652 (Okla. 2015) (quoting Okla. Uniform Jury Inst. (Civil) No. 5.6). Malice is defined as involving "either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse." *Id.*

In Oklahoma, punitive damages are generally considered to be an element of recovery of an underlying cause of action. *Lierly v. Tidewater Petroleum Corp.*, 139 P.3d 897, 905–6 (Okla. 2006). A request for punitive damages is not a separate cause of action. *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993). The trial court must determine as a matter of law whether the plaintiff has produced sufficient evidence that a reasonable jury could find that a defendant acted with reckless disregard before instructing the jury on punitive damages. *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005).

Here, because the Court finds no evidence in the record suggesting Moore acted intentionally or with malice as to the September 22, 2017 collision, it will consider whether sufficient evidence exists to support a finding of reckless disregard. The Court finds no evidence in the record that the papers on the passenger side of the windshield obstructed Moore's view of the

7

southbound lanes of Memorial Road. [*See* ECF No. 81-2 at 4:174:23–4:175:8].[2] Nor does it find any evidence that Moore was using his cellphone when he made the turn. In fact, the uncontroverted evidence shows that Moore was not on his phone during the collision but called CFL at 9:11 p.m., after the collision occurred. [ECF No. 71-11 at 26; ECF No. 81-1 at 11:4–14; ECF No. 60-1 at 15:15–22]. Plaintiffs insinuate Moore had not received adequate rest when he began driving the evening of September 22, 2017. [ECF No. 71 at 2]. However, Moore testified that he slept while he was off duty. [ECF No. 81-1 at 4:25–5:2]. He was off duty from 10:45 a.m. until 8:45 p.m. [ECF No. 71-10 at 20]. And his cellphone records indicate he was not making calls on his cellphone between 12:44 p.m. and 7:36 p.m. [ECF No. 71-11 at 26].

　　Finally, the Court finds no conclusive evidence that Moore undoubtedly had a red light and, nevertheless, turned. The evidence shows the light was either a green arrow or a green circle. [*See* ECF No. 60-3 at 12; ECF No. 71-2]. In all, Plaintiffs have presented no evidence that Moore acted intentionally or with malice, or in reckless disregard. Moore is entitled to summary judgment as to Plaintiffs' claim for punitive damages. Accordingly, the Court will not instruct the jury concerning punitive damages asserted against Moore.

---

[2] The Court cites to both the CM/ECF page numbers and transcript page numbers due to the layout of this exhibit.

## IV. <u>Conclusion</u>

For the reasons stated above, the Court finds that Moore's motion for partial summary judgment [ECF No. 59] should be granted.

**IT IS THEREFORE ORDERED** that Defendant Nicholas Roshon Moore's Motion for Partial Summary Judgment [ECF No. 59] is GRANTED.

DATED this 25th day of September, 2025.

*Sara E. Hill*
_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE