IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DANNY HADDOX, et al.,

      **Plaintiffs,**

v.

CENTRAL FREIGHTLINES, INC.;
NICHOLAS ROSHON MOORE,

      **Defendants.**

Case No. 18-CV-266-SEH-CDL

## ORDER AND OPINION

Before the Court is Defendant Central Freightlines, Inc.'s ("CFL") Motion for Partial Summary Judgment. [ECF No. 60]. For the reasons stated below, the motion is granted in part and denied in part. It is granted as to Plaintiffs' claims asserted against CFL for negligent maintenance and service, negligence *per se*, negligent hiring, retention, supervision and training, and punitive damages. It is denied as to Plaintiffs' claims against CFL for negligent entrustment.

I. **Background**

This litigation arises out of a semi-truck accident that resulted in the death of Blake Haddox. Plaintiffs sued Defendants Nicholas Roshon Moore and CFL, asserting claims of negligence (count one); negligence *per se* (count two); negligent hiring, retention, entrustment, supervision and training

(count three); negligent damage to property (count four); and punitive damages (count five). [ECF No. 2]. CFL has moved for partial summary judgment as to the claims asserted against it in counts one, two, three, and five. [ECF No. 60].

For purposes of determining the motion, the following material facts are undisputed:

Moore was a truck driver for CFL and had worked for the company for about two weeks before the collision. [ECF No. 2 at ¶ 8; ECF No. 60-2 at 16]. When CFL hired Moore, he was certified with a Class A CDL license. [ECF No. 60-2 at 10]. Moore did not have a history of any traffic accidents and had only one traffic citation. [*Id.* at 11]. When he began his employment with CFL, he completed the written tests and road tests administered by the company. [ECF No. 60-1 at 6:16–7:1; 11:18–12:16].[1] During his employment, Moore drove a truck that was owned by CFL to CFL terminals located in El Paso, Houston, Ft. Worth, Austin, Victoria, San Antonio, and Phoenix. [*Compare* ECF No. 2 at ¶ 17 *with* ECF No. 10 at ¶ 17; ECF No. 70-3 at 46:20–48:14].

---

[1] Rule 56 permits courts to consider materials in the record other than those cited by the parties. Fed. R. Civ. P. 56(c)(3). The Court cites to the CM/ECF record page numbers instead of deposition transcript page numbers for any deposition testimony referenced in this order.

On September 22, 2017, Moore left Houston, Texas at 1:00 a.m. [ECF No. 70-10 at 20]. He stopped in McKinney, Texas and then drove on to Tulsa, Oklahoma. [*Id.*]. Moore was off duty from 10:30 a.m. until 8:45 p.m. and left CFL's terminal in Tulsa at 8:54 p.m. [*Id.*; ECF No. 82-1 at 5:15–6:3]. After leaving the Tulsa Terminal, Moore travelled northbound on Memorial Road. [ECF No. 70-6]. He came to a traffic light to turn left across the southbound lane, onto the Broken Arrow Expressway. [*Id.*]. Moore began to execute his turn when Blake Haddox, who was travelling southbound on a motorcycle, collided with the passenger side of his tractor. [ECF No. 70-6; ECF No. 2 at ¶ 9]. Haddox died from the injuries he sustained in the collision. [ECF No. 2 at ¶¶ 15-16]. At 9:11 p.m., Moore called CFL to advise them of the incident. [ECF No. 70-11 at 26; ECF No. 82-1 at 6:4-14]. CFL admits Moore was acting within the scope and course of his employment at the time of the accident. [*Compare* ECF No. 2 at ¶ 18 *with* ECF No. 10 at ¶ 18].

At the time, Moore had two pieces of paper taped to the passenger side of his front windshield. [ECF No. 70-1]. The placement of the papers violated CFL policy and federal regulations. [ECF No. 70-3 at 44:9–45:8]. Further, Moore's cellphone records indicate he was on his cellphone 167 times while he was allegedly driving for CFL. [*Compare* ECF No. 70-10 *with* ECF No. 70-11]. CFL has a zero-tolerance cellphone policy but has no system to monitor a

driver's cellphone use while they are driving. [ECF No. 70-5; ECF No. 70-3 at 38:5-14].

The material disputed fact between the parties is the status of the traffic light when Moore initiated his turn. [*Compare* ECF No. 60-2 at 9 and ECF No. 60-3 at 12 *with* ECF No. 70-2 and ECF No. 70-4]. Moore and CFL contend he had a green arrow. [ECF No. 60-2 at 9; ECF No. 60-3 at 12; ECF No. 82 at 10]. Plaintiffs contend there was a green light but not a green arrow, and Moore failed to yield. [ECF No. 70-2 and ECF No. 70-4].

## II. Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material when it "might affect the outcome of the suit under the governing law." *Id.* at 248.

In applying the summary judgment standard, a court must view facts in the light most favorable to the non-moving party. *Forth v. Laramie Cnty. Sch. Dist. No. 1*, 85 F.4th 1044, 1059 (10th Cir. 2023). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The Court's role at the summary judgment stage is not to weigh the evidence or resolve any disputed issues in favor of the moving party. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014). Rather, a court determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson* 477 U.S. at 251–52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255.

The moving party has the initial burden of showing that no genuine dispute of material fact exists. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). The movant "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotation marks omitted). If the movant carries its initial burden, "the burden shifts to the nonmovant to ... set forth specific

facts ... from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671 (citations and internal quotation marks omitted). The nonmovant must set forth facts "by reference to affidavits, deposition transcripts, or specific exhibits ...." *Id.* (citing *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), cert. denied, 506 U.S. 1013 (1992)). "In response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Am. Soc'y of Home Inspectors, Inc. v. Int'l Ass'n of Certified Home Inspectors*, 36 F.4th 1238, 1244 (10th Cir. 2022) (quoting *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)).

### III. Discussion

#### A. Negligent Maintenance and Service Claim

CFL argues that it is entitled to summary judgment as to Plaintiffs' claim for negligent maintenance and service of the tractor-trailer. [ECF No. 60 at 9–13]. Specifically, CFL asserts that Plaintiffs have not presented any evidence that the tractor-trailer was not properly maintained and serviced and cannot show that any alleged improper maintenance or service caused the accident. [*Id.*]. Plaintiffs do not address this argument in their response.

Plaintiffs assert a general claim of negligence against CFL but specifically allege that CFL "failed to properly maintain and service the truck and trailer

Defendant Moore was driving prior to allowing [him] to drive the vehicle on the roadway." [ECF No. 2 at ¶ 28]. The material elements of a negligence claim under Oklahoma law are: "(1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." *Marshall v. City of Tulsa*, 558 P.3d 1220, 1228 (Okla. 2024) (citation omitted). The Court finds no evidence in the record suggesting any negligent maintenance or service of the tractor-trailer. Nor does it find any evidence that any such failure proximately caused Haddox's injuries. Therefore, CFL is entitled to summary judgment on this claim.

### B. Negligence *Per Se* Claim

CFL moves for summary judgment on Plaintiffs' claim of negligence *per se*, arguing that the claim cannot survive summary judgment because Plaintiffs fail to identify a specific statute CFL allegedly violated. [ECF No. 60 at 14]. In count one, Plaintiffs assert in their negligence claim against CFL, "Defendants Central Freightlines, Inc., and Moore violated various state, municipal, and federal regulations and statutes." [ECF No. 2 at ¶ 29]. In their negligence *per se* claim in count two, Plaintiffs assert that CFL is liable for Moore's alleged violation of 47 O.S. § 11-402 ("[t]he driver of a vehicle intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close thereto when

7

initiating such turn as to constitute an immediate hazard."). [*Id*. at ¶¶'s 38–38]. CFL argues count two cannot survive because CFL has admitted it is vicariously liable for any proven negligence of Moore. [ECF No. 60 at 14–15].

Plaintiffs respond that they are pursuing a direct negligence *per se* claim against CFL for "fail[ing] to uphold its duties under the regulations." [ECF No. 70 at 23]. They argue that CFL "has violated numerous Federal regulations that constitute negligence *per se,* and there is ample evidence to submit to the jury on this question of fact." [*Id*.].

Notably, Plaintiffs do not cite any federal regulations CFL allegedly violated or point to any evidence in the record supporting the conclusion that CFL violated federal regulations. [*See* ECF No. 70]. Therefore, the Court will construe Plaintiffs' negligence *per se* claim against CFL as premised on Moore's alleged violations of state statutes and federal regulations.

The Court finds CFL's admission of vicarious liability forecloses Plaintiffs' claim of negligence *per se* against CFL. In *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997), the Oklahoma Supreme Court addressed whether a direct claim for negligent hiring and retention can survive against an employer when the employer has admitted vicarious liability. The court held, when an employer stipulates to liability under the doctrine of *respondeat superior*, making him liable for punitive damages, "the theory of negligent hiring and retention imposes no further liability on [the] employer." *Jordan*, 935 P2d at 293. The

8

court found that the stipulation makes "any other theory for imposing liability on the employer unnecessary and superfluous." *Id.*; *see also N.H. v Presbyterian Church (U.S.A.),* 998 P.2d 592, 600 (Okla. 1999) ("Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought. In Oklahoma, the theory of recovery is available if vicarious liability is *not* established." (emphasis added)); *Huntley v. City of Owasso*, 497 F. App'x 826, 833 (10th Cir. 2012) (Claims for negligent hiring, training, or supervision in Oklahoma "are available only when vicarious liability is *not* established." (emphasis in original)).

Against the backdrop of *Jordan*, federal courts in Oklahoma have held that a direct claim of negligence *per se* against an employer cannot survive summary judgment. In *Bales v. Green*, No. 16–CV–106–GKF–JFJ, 2018 WL 1144980 (N.D. Okla. Mar. 2, 2018), which was another semi-truck accident case in this district, the court held that "[defendant employer's] admission of *respondeat superior* liability foreclose[d] [plaintiff's] direct liability claims against [defendant employer], including ... negligence *per se*." *Id.* at *3. The plaintiff argued the Federal Motor Carrier Safety Regulations ("FMCSR") precluded summary judgment on her negligence *per se* claim, citing 49 U.S.C. § 14704(a)(2). *Id.* at *2. The *Bales* court followed "a clear majority of courts" in finding § 14704(a)(2) inapplicable to personal injury actions and that the

FMCSR does not "create a private right of action, or otherwise preempt state law." *Id.*

A district court in the Western District of Oklahoma granted a defendant employer summary judgment as to a plaintiff's negligence *per se* claim because the defendant employer conceded the employee was acting within the scope of his employment. *Thurmond v. CRST Expedited, Inc.*, No. 18-CV-1142-R, 2019 WL 6311996, at *2 (W.D. Okla. Nov. 25, 2019). The court rejected an argument that the FMCSR preempts application of *Jordan*. *Id.*

Although not in the section addressing their negligence *per se* claim, Plaintiffs argue in their brief that they are "asserting a negligence per se standard of care based upon the FMCSRs as a part of a common law tort action." [ECF No. 70 at 21]. Therefore, to the extent Plaintiffs' argument is that they can maintain a negligence *per se* claim against CFL because the FMCSR preempts *Jordan*, in conformity with the authority cited, that argument is rejected.

CFL has admitted *respondeat superior* liability. [ECF No. 60-2 at 10] ("Defendant Moore was acting within the course and scope of his agreement with Defendant Central at the time of the accident."). This admission forecloses Plaintiffs' negligence *per se* claim against CFL. *Bales*, 2018 WL 1144980, at *3; *Thurmond*, 2019 WL 6311996, at *2. Therefore, CFL is entitled to summary judgment on Plaintiffs' negligence *per se* claim.

### C. Negligent Hiring, Retention, Supervision and Training Claims

CFL also seeks summary judgment against Plaintiffs for their claims of negligent hiring, retention, supervision and training. [*See* ECF No. 60 at 15–17, 19–20]. CFL contends these claims cannot stand as a matter of law because it has stipulated to *respondeat superior* liability, citing *Jordan*. [ECF No. 60 at 11; *see also supra* at 8–9].

In opposition, Plaintiffs argue *Jordan* is limited to its facts, pursuant to *Fox v. Mize,* 428 P.3d 314 (Okla. 2018), and is therefore distinguishable. [ECF No. 70 at 16–18, 21]. The *Fox* court held a claim for negligent entrustment is distinct from *respondeat superior* liability, and a negligent entrustment claim may be pursued even when the employer has admitted *respondeat superior* liability. *Fox,* 428 P.3d at 322. However, because the claim was not before it, the *Fox* court did not determine "whether a negligent hiring claim should be treated differently than a negligent entrustment claim." *Id.* In a footnote, the court expressly limited *Jordan* to its facts. *Id.* at 322, n.12. Plaintiffs rely on this footnote to contend *Jordan* should not be applied to this case. [ECF No. 70 at 21]. Plaintiffs also argue *Jordan* is preempted by federal law. [*See id.* at 21]. Finally, Plaintiffs argue that sufficient evidence exists to support claims of negligent hiring, retention, supervision and training against CFL. [*See id.* at 20–22].

*Fox* did not overrule *Jordan* and *Jordan* remains the applicable law for all direct claims except negligent entrustment. *Davis as Next Friend of A.B. v. Adam*, No. CIV-20-217-TDD-SH, 2025 WL 1782564, at *4, n.8 (N.D. Okla. April 16, 2025) (collecting cases); *Njuguna v. C.R. England, Inc.,* No. CV-19-379-R, 2020 WL 6151567, at *2–*3 (W.D. Okla. Oct. 20, 2020) (applying *Jordan* to a negligent hiring claim post-*Fox*); *Sinclair v. Hembree & Hodgson Constr., LLC*, No. CIV-18-938-D, 2020 WL 3965010, at *3, n.4 (W.D. Okla. July 13, 2020) (granting summary judgment as to negligent hiring claim and explaining "*Jordan v. Cates* has not been overruled and remains good law, and the Court must follow it."); *Annese v. U.S. Xpress, Inc.,* No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) (dismissing negligent hiring claim because *Jordan* has not been overruled).

Additionally, federal courts routinely reject the argument that *Jordan* is preempted by federal law. *See Oliver v. Soto,* No. CIV-15-1106-R, 2016 WL 815343, at *2 (W.D. Okla. Feb. 29, 2016) (finding the holding in *Jordan* "does not conflict with federal law because the regulations do not provide a private cause of action"); *Beaber v. Stevens Transport, Inc.*, CIV-15-382-R, 2015 WL 8074312, at * 3, n. 2 (W.D. Okla. Dec. 4, 2015) (same). Therefore, the Court concludes that Plaintiffs' negligent hiring, retention, supervision and training claims are superfluous because CFL has stipulated to vicarious liability.

*Jordan,* 935 P.2d at 293; *Presbyterian,* 998 P.2d at 600; *Huntley*, 497 F. App'x at 833. CFL is entitled to summary judgment on these direct claims.

### D. Negligent Entrustment Claim

CFL also moves for summary judgment on Plaintiffs' claim of negligent entrustment, arguing that its *respondeat superior* stipulation makes the claim "unnecessary." [ECF No. 60 at 17–19]. Plaintiffs respond that the claim is viable under *Fox* and the evidence in the record supports the claim. [ECF No. 70 at 15–20].

CFL's argument is without merit. The Oklahoma Supreme Court has expressly recognized that a plaintiff can bring a direct claim of negligent entrustment even after an employer has stipulated to *respondeat superior* liability. *Fox,* 428 P.3d at 322; *see also Cox v. Swift Transp. Co. of Ariz. and L.L.C.,* 18-CV-0117-CVE-JFJ, 2019 WL 3719887, at *3 (N.D. Okla. Aug. 7, 2019) (rejecting defendant employer's argument that it cannot be held liable for negligent entrustment if it has admitted respondeat superior liability). Thus, the Court will address whether Plaintiffs have proffered sufficient evidence to support such a claim.

"Negligent entrustment … occurs when the automobile is supplied, directly or through a third person, for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm to others

13

….." *Sheffer v. Carolina Forge Co., LLC,* 306 P.3d 544, 548 (Okla. 2013) (citations omitted). To establish a claim of negligent entrustment, a plaintiff must show that the defendant knew or reasonably should have known that the person entrusted with the vehicle "was careless, reckless and incompetent; and an injury was caused by the careless and reckless driving of the automobile." *Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003) (citations omitted). "The question of negligent entrustment is one of fact for the jury, and may be proved by circumstantial as well as positive or direct evidence." *Id.* at 871 (internal citations omitted); *Loyd v. Salazar*, CIV-17-977-D, 2020 WL 7220790, at *3 (W.D. Okla. Dec. 7, 2020). Further, "[c]ausation usually is determined as a question of fact and not law …." *Schovanec v. Archdiocese of Okla. City*, 188 P.3d 158, 173 (Okla. 2008).

   Plaintiffs allege that CFL negligently entrusted Moore with the semi-truck it owned. [ECF No. 70 at 19–20; *Compare* ECF No. 2 at ¶ 17 *with* ECF No. 10 at ¶ 17]. To support their claim, Plaintiffs point to evidence demonstrating that Moore used his cellphone 167 times while on duty and had paper adhered to his windshield in violation of CFL's policies and federal regulations. [ECF No. 70 at 20]. Plaintiffs emphasize that Moore had driven to numerous CFL terminals during the two weeks he was a CFL employee. [*Id.* at 25–26]. As such, Plaintiffs assert CFL should have been aware of the

14

improper paper on Moore's windshield. [*Id*.]. Plaintiffs also note that CFL had no system in place to monitor Moore's cellphone use. [*Id.* at 25].

Plaintiffs do not present any evidence that CFL knew about these alleged infractions. However, negligent entrustment is typically an issue for the jury and the facts are to be construed in the non-movant's favor. Therefore, the Court concludes Plaintiffs present minimally sufficient facts to support its claim of negligent entrustment. Reasonable jurors could draw inferences that CFL should have known about the violations and failed to take reasonable steps to ensure Moore complied with its safety policies and federal regulations, and therefore CFL negligently entrusted Moore with its semi-truck. *See Loyd*, 2020 WL 7220790, at *4 (finding the reasonableness of defendant employer's conduct in determining whether a semi-truck driver was competent to perform the job was reasonably subject to different conclusions and therefore for the trier of fact). CFL is not entitled to summary judgment on Plaintiffs' negligent entrustment claim.

### E. Punitive Damages

Finally, CFL contends there is no evidence of willful and reckless conduct on behalf of CFL; thereby precluding punitive damages in this case. [ECF No. 60 at 21]. CFL also argues its admission of *respondeat superior* liability does not permit the jury to assess two separate punitive damages recoveries. [*Id.*] In response, Plaintiffs argue punitive damages may be assessed against an

15

employer for an employee's act under the doctrine of *respondeat superior*. [ECF No. 70 at 24]. Additionally, Plaintiffs claim that a summary judgment ruling on punitive damages is premature until all the evidence has been presented at trial. [*Id.* at 25]. Further, Plaintiffs assert that the evidence supports presenting to the jury the issue of punitive damages as to CFL. [*Id.* at 25–26].

To determine this issue, the Court notes that it must apply the substantive law of Oklahoma. *Napier v. Cinemark USA, Inc.*, 635 F.Supp.2d 1248, 1250 (N.D. Okla. 2009) ("A federal court sitting in diversity must apply the substantive law of the forum state."). Under Oklahoma law, punitive damages are available upon clear and convincing evidence that "the defendant has been guilty of reckless disregard for the rights of others." 23 O.S. § 9.1(B)(1). A person acts in reckless disregard for the rights of others if he "was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others." *Gowens v. Barstow,* 364 P.3d 644, 652 (Okla. 2015) (quoting Okla. Uniform Civil Jury Instr. 5.6). In Oklahoma, punitive damages are generally considered to be an element of recovery of an underlying cause of action; a request for punitive damages is not a separate cause of action. *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993). The trial court must determine as a matter of law whether the plaintiff has produced

16

sufficient evidence that a reasonable jury could find that a defendant acted with reckless disregard before instructing the jury on punitive damages. *Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1106 (Okla. 2005).

The Court is not persuaded that it must wait to rule on the punitive damages issue until after all the evidence is presented at trial. Under the circumstances, the Court "must 'review the summary judgment issue bearing in mind the heightened evidentiary standard for a [punitive damage] claim under Oklahoma law.'" *Dutton v. Merit Energy Co., LLC*, CIV–13–66–D, 2014 WL 2040615, at *3 (W.D. Okla. May 16, 2014) (quoting *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank*, 222 F.3d 800, 815 (10th Cir. 2000)). "[T]he inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson*, 477 U.S. at 252. Thus, the issue is ripe for consideration.

As an initial matter, "punitive or exemplary damages may be awarded against the principal for a servant's act under the doctrine of *respondeat superior*." *Jordan,* 935 P.2d at 292. Thus, the Court must assess whether there is sufficient evidence concerning Moore's conduct to instruct the jury concerning punitive damages as to the negligence claim. Additionally, the Court has held Plaintiffs' claim for negligent entrustment survives summary judgment. However, the Court must still assess whether there is sufficient

17

evidence concerning CFL's conduct to instruct the jury concerning punitive damages as to the negligent entrustment claim. Moore filed a motion for partial summary judgment as to punitive damages. [ECF No. 59]. The Court granted the motion, concluding there is insufficient evidence for a reasonable jury to find that Moore acted with reckless disregard. [ECF No. 150]. So, the jury does not need to be instructed as to punitive damages against CFL under a *respondeat superior* claim.

Construing the evidence in the light most favorable to Plaintiffs, the Court finds that a reasonable person could not conclude from the evidence that CFL demonstrated reckless disregard for the rights of others when it entrusted a semi-truck to Moore. CFL had a "zero tolerance" policy prohibiting the use of cellphones while driving. [*See* ECF No. 70-5]. It also had no means of monitoring its drivers' cell phone use. [ECF No. 70-3 at 38:5-8]. While there is sufficient evidence present in the record from which the jury might find the defendant negligent, no evidence of the type of reckless indifference for the rights of others needed for a punitive damage award has been identified by the Plaintiffs. Therefore, the Court finds that CFL is entitled to summary judgment on the issue of punitive damages with respect to the negligent entrustment claim.

## IV.   Conclusion

**IT IS THEREFORE ORDERED** that Defendant Central Freightlines, Inc.'s Motion for Partial Summary Judgment [ECF No. 60] is GRANTED IN PART and DENIED IN PART:

It is GRANTED as to Plaintiffs' claims asserted against CFL for negligent maintenance and service, negligence *per se*, negligent hiring, retention, supervision and training, and punitive damages;

It is DENIED as to Plaintiffs' claims asserted against CFL for negligent entrustment.

DATED this 25th day of September, 2025.

                                                      _____
                                                      Sara E. Hill
                                                      UNITED STATES DISTRICT JUDGE