IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNY HADDOX, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CENTRAL FREIGHTLINES, INC.;<br>NICHOLAS ROSHON MOORE,<br><br>　　　　Defendants. | Case No. 18-CV-266-SEH-CDL |

# OPINION AND ORDER

Before the Court is Plaintiffs' Motion in Limine Regarding Tulsa Police Department's Semi Cruz Vision Test/Reenactment. [ECF No. 84]. Plaintiffs move for an order prohibiting "any purported expert testimony from the Tulsa Police Department" about a test or reenactment officers conducted after the accident. [*Id.* at 1–3]. Because neither party has designated the officers involved in the exercise as expert witnesses, Defendants will be permitted to question them, and any other lay witness, in conformity with Fed. R. Evid. 701. The Court finds the Tulsa Police Department's investigation into the accident and eyewitness testimony relevant and highly probative of the issues to be decided in this case. Therefore, the Court denies the motion.

## I. Background

The Tulsa Police Department conducted a "vision test" or "reenactment" sometime after the accident to corroborate or contradict witness Bruce Gourd's recollection of the accident and to evaluate the timing of the lights. [ECF No. 97-2 at 4:20–5:5; ECF No. 97-3 at 5:18–6:9]. Both Kristi Score and Brian Collum testified this exercise was done as part of their investigation. [ECF No. 97-2 at 5:15–21; ECF No. 97-3 at 5:18–6:4]. Plaintiffs and Defendants disagree whether the exercise was part of Tulsa Police Department's investigation or a reenactment of the accident. [*Compare* ECF No. 84 at 5 *with* ECF No. 97 at 2–3]. Regardless, Plaintiffs argue that any testimony about this exercise should be precluded because it does not qualify as "expert" testimony and would confuse and mislead the jury. [ECF No. 84 at 5].

## II. Discussion

### A. Standard

"A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (cleaned up). "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial,

without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmnt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Id.* (citations omitted). "A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Mgmt., Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644-GKF-FHM, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (emphasis in original) (citation and quotation omitted).

Admissibility of evidence in diversity cases is generally governed by federal law. *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998) (citation omitted). State law concerning the admissibility of evidence will be considered only if the issue involves a "substantive" state rule of evidence, such as the collateral source rule, the parol evidence rule, or the statute of frauds. *Id*. The parties are advised that all rulings on their motions in limine are preliminary, and the Court will refrain from an in limine ruling if the issue raised by the parties requires the Court to resolve disputed factual issues.

## B. Analysis

Plaintiffs attempt to elevate the expected evidence to expert testimony by arguing the "test was not conducted to appropriate scientific standards, did not rely upon the actual data from the night of the accident, and completely misleads any potential jurors in this case." [ECF No. 84 at 3]. Importantly, neither Kristi Score nor Brian Collum have been designated as expert witnesses in this case. [*See* ECF Nos. 137, 138]. The Court will not permit Plaintiffs to unilaterally designate them as such in a motion in limine. Therefore, Fed. R. Evid. 701 controls what opinions Kristi Score and Brian Collum may or may not provide. Lay witnesses are permitted to offer "observations that are common enough and require a limited amount of expertise, if any." *Ryan Dev. Co., L.C. v. Ind. Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170 (10th Cir. 2013) (quotation omitted). Therefore, Defendants will be permitted to question Kristi Score and Brian Collum, and any other lay witness, in conformity with Fed. R. Evid. 701.

The appropriate inquiry for this evidence is whether it is relevant and whether its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 401; 403. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and … the fact is of

4

consequence in determining the action." Fed. R. Evid. 401. The Court finds that the Tulsa Police Department's investigation into the accident is relevant. Eyewitness testimony is also relevant. The issues Plaintiffs raise about the Tulsa Police Department's exercise can properly be addressed on cross-examination and the jury can determine how much weight to give the "test." Therefore, the Plaintiff has not established that the evidence is unfairly prejudicial or otherwise "clearly inadmissible on all potential grounds." *Mendelsohn*, 587 F.Supp.2d at 1208.

## III. Conclusion

For the reasons set out above, the Court finds that Plaintiffs' motion should be denied. Any further ruling on evidentiary issues related to the "semi cruz vision test" or "reenactment" are deferred until a party seeks to admit such evidence at trial and the facts have been better developed during the trial process.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine Regarding Tulsa Police Department's Semi Cruz Vision Test/Reenactment [ECF No. 84] is DENIED.

DATED this 25th day of September, 2025.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE