IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DANNY HADDOX, et al.,

      Plaintiffs,

v.

CENTRAL FREIGHTLINES, INC.;
NICHOLAS ROSHON MOORE,

      Defendants.

Case No. 18-CV-266-SEH-CDL

## OPINION AND ORDER

Before the Court are numerous motions in limine filed by Defendants Central Freightlines, Inc. ("CFL") and Nicholas Roshon Moore ("Moore"). The Court will address each motion in turn. The parties are advised that all rulings on the motions in limine are preliminary. The Court will not attempt to rule on the admissibility of all evidence that may be offered at trial.

Admissibility of evidence in diversity cases is generally governed by federal law. *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998) (citation omitted). "A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (cleaned up). "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of

trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 F.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Id.* (citations omitted). "A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Mgmt., Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644-GKF-FHM, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (emphasis in original) (citation and quotation omitted).

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, evidence may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

I.  **Vehicle/ Equipment Evidence [ECF No. 85]**

Defendants seek to preclude all evidence "regarding vehicle equipment or other conditions of the tractor-trailer operated by Moore which Plaintiffs may propose was faulty, not compliant with regulations or otherwise deficient." [ECF No. 85 at 1]. Defendants do not specify exactly which evidence they want the Court to exclude. Plaintiffs respond they should be permitted to inform the jury that "at the time of the subject accident the passenger side window of Defendant Moore's semi-truck was obstructed by two large pieces of paper …." [ECF No. 113 at 6]. Plaintiffs contend this evidence is relevant to their negligent retention, entrustment, supervision and training, and negligence *per se* claims. [*See id.* at 8].[1]

The Court concludes the evidence is relevant. First, the presence of the papers may have impacted Defendant Moore's ability to observe oncoming traffic. This will be an issue for the jury to decide. Further, the Court is permitting Plaintiffs to proceed to trial on their negligent entrustment claim. Therefore, evidence of the two pieces of paper on the windshield of Moore's vehicle and Defendant CFL's potential knowledge of the obstruction may be relevant to the jury's determination of this claim. The evidence is not unfairly

---

[1] Since the filing of this motion in limine, the Court has granted Defendant CFL summary judgment on Plaintiffs' negligent retention, supervision and training and negligence *per se* claims.

prejudicial; nor will it mislead the jury or waste time. For these reasons, the Court finds that Defendants' Motion in Limine Regarding Vehicle/Equipment Evidence [ECF No. 85] should be denied.[2]

## II. Moore's Arrest and Charges Relating to the Subject Accident and Being Placed on a Safety Hold by CFL [ECF No. 86]

Next, Defendants request an order prohibiting Plaintiffs from introducing evidence of Moore's arrest and subsequent charge stemming from the accident, and evidence of his "safety hold" while the accident was investigated. [ECF No. 86 at 1]. Plaintiffs respond that they "do not intend on introducing any evidence concerning Defendant Moore's arrest and charge of negligent homicide, or Defendant CFL placing Defendant Moore on a safety hold." [ECF No. 109 at 4]. However, Plaintiffs state they should be permitted to present this evidence if Defendants open the door to these topics at trial. [*Id.*]. Defendants reply that Plaintiffs have designated portions of deposition testimony demonstrating that Moore was suspended and placed on a safety hold. [ECF No. 127 at 2].

The Court finds that Defendants' Motion in Limine with Respect to Moore's Arrest and Charges Relating to the Subject Accident and Being

---

[2] This ruling is limited to the two pieces of paper affixed to Moore's windshield at the time of the accident. Any additional characteristics of the semi-truck have not been presented to the Court. The Court will address any objections to additional evidence at trial.

Placed on a Safety Hold by CFL While the Accident was Being Investigated [ECF No. 86] should be granted by agreement. However, should Plaintiffs decide to attempt to introduce such evidence, they must first bring it to the Court's attention outside the presence of the jury.

### III.     Safer Alternatives [ECF No. 88]

Defendants also request that Plaintiffs be prohibited from "presenting arguments/questioning during the trial of this matter suggesting safer alternatives or options existed for Moore." [ECF No. 88 at 1]. Plaintiffs respond that "the existence of safer alternatives can be relevant to the issue of whether a party's actions were reasonable under the circumstances." [ECF No. 108 at 5]. In support of this position, Plaintiffs cite out-of-circuit railroad employee cases brought under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq* (FELA). [*See id.* (citing *Prescott v. CSX Transportation, Inc.*, No. CV512-013, 2013 WL 1192820 (S.D. Ga. Mar. 22, 2013); *Molczyk v. Chi., Cent. & Pac. R.R. Company*, 1:15-cv-00049-CFB, 2018 WL 6356068 (S.D. Iowa May 4, 2018))]. Plaintiffs indicate they do not have any intention to introduce evidence of "safer routes." [*Id.* at 6].

For evidence to be relevant, it must tend to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401. Here, whether Moore had an alternative route that Plaintiffs deem "safer" does not make it more or less

5

probable that he was negligent at the time of the accident. Plaintiffs will not be permitted to introduce evidence of "safer routes" or "safer alternatives."

Defendants further request that Plaintiffs be prohibited from "suggesting CFL should have employed safer training protocols/procedures." [ECF No. 88 at 4]. Plaintiffs respond that such evidence is relevant to their direct claims against CFL. [ECF No. 108 at 7]. As mentioned above, the only direct negligence claim still live against CFL is the negligent entrustment claim.

"Negligent entrustment … occurs when the automobile is supplied, directly or through a third person, for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm to others …." *Sheffer v. Carolina Forge Co., L.L.C.*, 306 P.3d 544, 548 (Okla. 2013). To establish a claim of negligent entrustment, the plaintiff must show that a reasonable person knew or should have known that the person entrusted with the vehicle would operate it in a careless, reckless, or incompetent manner. *Green v. Harris*, 70 P.3d 866, 868 (Okla. 2003). Defendant CFL's general safety training protocols or procedures are entirely irrelevant to this inquiry.

For these reasons, the Court finds that Defendants' Motion in Limine Regarding Safer Alternatives [ECF No. 88] should be granted.

## IV.   Standard of Care [ECF No. 89]

Defendants request an order prohibiting Plaintiffs from "attempt[ing] to interject at trial the issue of a 'higher standard' of care for truck drivers." [ECF No. 89 at 1]. Plaintiffs respond that "Defendants preposterously wish to preclude Plaintiffs from referencing Defendant Moore as a 'professional truck driver' during trial because it would be misleading and would improperly create an artificial standard of care." [ECF No. 107 at 5]. The Court does not interpret Defendants' motion as requesting that Plaintiffs be prohibited from referring to Moore as a professional truck driver. Instead, the Court understands Defendants request to be that Plaintiffs should not be able to imply that Moore is subject to a greater standard of care than the standard prescribed by Oklahoma law—ordinary care. *See Glass v. Mecham*, No. CIV-11-1267-C, 2014 WL 12042521, at *1 (W.D. Okla. July 7, 2014) ("In Oklahoma, "[n]egligence is the failure to exercise ordinary care, which is 'that degree of care which ordinarily prudent persons engaged in the same kind of business usually exercise under similar circumstances.'") (quoting *Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. App. 2002)).

Oklahoma law does not subject Moore to a heightened standard of care simply because he is a commercial driver. *Glass*, 2014 WL 1204521, at *1; The Court finds that Defendants' Motion in Limine Regarding Higher Standard of Care [ECF No. 89] should be granted.

## V. Golden Rule and Reptile Theory [ECF No. 90]

Defendants next ask that any "Golden Rule arguments" be excluded from trial. [ECF No. 90 at 1]. Plaintiffs respond that they "have no intention of utilizing immoderate, unduly emotional questioning or 'Golden Rule' style arguments for any purpose at the trial of this cause." [ECF No. 112 at 6]. However, Plaintiffs contend "it would be premature to entirely preclude Plaintiffs from making any such arguments as the evidence presented and circumstances at trial may ultimately warrant the use of 'golden rule' style arguments or lines of questioning on the issue of liability." [*Id.*].

Although "Golden Rule" arguments are "not expressly prohibited in regard to liability, courts generally do not permit an attorney to explicitly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Infiesta-Montano v. Cocca Develop. Ltd.*, No. 18-CV-4-R, 2019 WL 7630627, at *6 (D. Wyo. June 7, 2019) (quotation and citation omitted).

The Court finds that Defendants' Motion in Limine Regarding "Golden Rule" Arguments [ECF No. 90] should be denied without prejudice because this issue is more properly addressed by a contemporaneous objection at trial. The parties are cautioned that any argument that asks the jurors to reach a verdict solely on their emotional response to the evidence is improper and the

8

parties should be mindful in employing such tactics, including arguments that impact the "Golden Rule."

Defendants also request an order in limine excluding "reptile theory" arguments/questioning during the trial of this matter. [ECF No. 90 at 1]. Plaintiffs respond that this request is "an impermissible attempt … to control Plaintiffs' litigation strategy, narrative and argument at trial." [ECF No. 112 at 6]. Plaintiffs also argue Defendants fail to provide any specific evidence that warrants exclusion under their request. [*Id.*].

The Court finds that Defendants' Motion in Limine Regarding "Reptile Theory" Arguments [ECF No. 90] should be denied without prejudice because this issue is more properly addressed by a contemporaneous objection at trial. The parties are cautioned that any argument that asks the jurors to reach a verdict solely on their emotional response to the evidence is improper and the parties should be mindful in employing any such tactics however they may be titled.

## VI. Driver's Log and Defendant Moore being "Unrested" [ECF No. 91]

Defendants additionally request the Court exclude evidence of "any alleged improper or absent driver log entries and thereafter making unfounded references to Moore being fatigued at the time of the accident." [ECF No. 91 at 1]. Defendants contend this evidence is not relevant to the

9

claims at issue. [*Id.* at 4]. Plaintiffs respond that Moore was required by law to accurately complete his driver's log and that the evidence is relevant. [ECF No. 106 at 9–10]. Plaintiffs allege Moore's driver's log contains inaccuracies beyond the date of the subject accident. [*Id.*].

The Court finds that Moore's driver's log from the date of the incident, September 22, 2017, is relevant and Plaintiffs will be permitted to introduce it at trial. To the extent Plaintiffs contend the log establishes Moore was fatigued and Defendants disagree, the issue may be addressed during examination.[3] The Court believes Moore's activities on the day of the accident, including the distance he traveled and the hours he worked, are relevant. The driver's log will aid the jury in understanding Moore's actions leading up to the accident.

However, Moore's driver's log entries before September 22, 2017 are not relevant and are therefore inadmissible. Although Plaintiffs' negligent entrustment claim is still live, the Court does not believe that failing to accurately complete the required driver's log is relevant to whether CFL knew or should have known Moore would operate his semi-truck in a careless, reckless, or incompetent manner. The Court finds that Defendants' Motion in Limine Regarding Form and Manner Violations Related to Driver

---

[3] Both Plaintiffs and Defendants list Moore as a witness. [*See* ECF Nos. 137 and 138].

Log Entries and References to Moore Being Unrested Related to the Same [ECF No. 91] should be granted in part and denied in part, as explained herein.

### VII. Cell Phone Use [ECF No. 93]

Finally, Defendants request Plaintiffs be precluded from presenting evidence "relating to any policies, procedures or manuals of CFL, such as for example, relating to cellular telephone use, training, operation of vehicles or safety." [ECF No. 93 at 1]. Defendants state, "CFL's policies, procedures or manuals have no relevance to any issue to be determined in this matter and, nonetheless, are not otherwise admissible. Similarly, any violations of the CFL no-tolerance cell phone policy has no bearing on the claims or defenses presented in this instant lawsuit." [*Id.* at 1–2]. Defendants do not specifically identify the policies, procedures or manuals they want precluded. [*See* ECF No. 93]. In response, Plaintiffs provide the Court with CFL's cellphone policy and argue that Moore violated the policy 167 times in the two weeks he worked for CFL. [ECF No. 111 at 6–7].

Without the specific anticipated evidence before the Court, it is impossible to determine "any policies, procedures or manuals of CFL" are "clearly inadmissible on all potential grounds." *Tulsa Zoo Mgmt., Inc.*, 2019 WL 1562147, at *1. Therefore, the Court will only address the admissibility of CFL's cellphone policy.

11

Defendants also request that evidence of Moore's cellphone use be excluded at trial. [ECF No. 93 at 1]. They argue that Moore's cellphone records are not relevant because Moore was not on his cellphone at the time of the accident. [ECF No. 93 at 6]. Plaintiffs respond that Moore's cellphone use is relevant to their negligent entrustment claim. [ECF No. 111 at 9]. The Court agrees.

As explained above, Plaintiffs' negligent entrustment claim remains. To establish a claim of negligent entrustment, a plaintiff must show that the defendant knew or reasonably should have known that the person entrusted with the vehicle "was careless, reckless and incompetent; and an injury was caused by the careless and reckless driving of the automobile." *Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003). Consistent with the Court's summary judgment ruling, evidence of CFL's cellphone policy and Moore's cellphone use are relevant to Plaintiffs' negligent entrustment claim. The jury will have to decide if CFL knew *or should have known* about Moore's cellphone use while operating the semi-truck. Any disputes about whether Moore was on his cellphone at the time of the accident may be exploited on cross-examination. Further, whether Plaintiffs' damages resulted from Moore's careless and reckless operation of the semi-truck is specifically within the province of the jury. *See Schovanec v. Archdiocese of Okla. City*, 188 P.3d 158, 173 (Okla. 2008) ("Causation usually is determined as a question of fact and

not of law ….”). Further, evidence of CFL's cellphone policy and Moore's cellphone records is not unfairly prejudicial. Fed. R. Evid. 403. The evidence will not distract, confuse, or mislead the jury because the Court will instruct the jury on the applicable law.

For these reasons, the Court finds that Defendants' Motion in Limine Regarding Cell Phone Use and Violations of Policies/Manuals of CFL [ECF No. 93] should be denied.

### I. Conclusions

For the reasons outlined above,

Defendants' Motion in Limine Regarding Vehicle/Equipment Evidence [ECF No. 85] is DENIED;

Defendants' Motion in Limine with Respect to Moore's Arrest and Charges Relating to the Subject Accident and Being Placed on a Safety Hold by CFL While the Accident was Being Investigated [ECF No. 86] is GRANTED;

Defendants' Motion in Limine Regarding Safer Alternatives [ECF No. 88] is GRANTED;

Defendants' Motion in Limine Regarding Higher Standard of Care [ECF No. 89] is GRANTED;

Defendants' Motion in Limine Regarding "Golden Rule" and "Reptile Theory" Arguments [ECF No. 90] is DENIED without prejudice;

Defendants' Motion in Limine Regarding Form and Manner Violations Related to Driver Log Entries and References to Moore Being Unrested Related to the Same [ECF No. 91] is GRANTED IN PART and DENIED IN PART; and

Defendants' Motion in Limine Regarding Cell Phone Use and Violations of Policies/Manuals of CFL [ECF No. 93] is DENIED.

**IT IS SO ORDERED.**

DATED this 25th day of September, 2025.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE