IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DANNY HADDOX, et al.,

      Plaintiffs,

v.

CENTRAL FREIGHTLINES, INC.;
NICHOLAS ROSHON MOORE,

      Defendants.

Case No. 18-CV-266-SEH-CDL

## OPINION AND ORDER

Before the Court is Defendants' Omnibus Motion in Limine, requesting exclusion of 10 different categories of evidence. [ECF No. 87]. The Court will address each request in turn. The parties are advised that all rulings on the motions in limine are preliminary. The Court will not attempt to rule on the admissibility of all evidence that may be offered at trial.

Admissibility of evidence in diversity cases is generally governed by federal law. *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998) (citation omitted). "A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (cleaned up). "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of

trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 F.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Id.* (citations omitted). "A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644-GKF-FHM, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (emphasis in original) (citation and quotation omitted).

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, evidence may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

I.    **Other Claims or Suits**

Defendants' first request is GRANTED by agreement. [*Compare* ECF No. 87 at 3 *with* ECF No. 114 at 5]. Plaintiffs shall be prohibited from introducing evidence of "other claims or suits unrelated to this case." [ECF NO. 87 at 3].

II.   **Defendants' Financial History During the Punitive Damages Stage**

Because Defendants were granted summary judgment on all punitive damage claims, Defendants' second request is MOOT. [ECF Nos. 154 and 155]

III.  **Sticker on Defendant Moore's Windshield**

The Court addressed this issue in ruling on Defendants' Motion in Limine Regarding Vehicle/Equipment Evidence [ECF No. 85]. The Court incorporates its ruling on that motion as if fully incorporated herein and DENIES Defendants' third request.

IV.  **Accident Report**

Next, Defendants request "opinions of the investigating officer and/or the accident report" be excluded from trial. [ECF No. 87 at 5]. Plaintiffs agree the investigating officers should be precluded from testifying about the cause of the accident. [ECF No. 114 at 8]. They further agree that any parts of the accident report containing conclusions of fault should be redacted. [*Id.*]. However, Plaintiffs argue the accident report should not be excluded in its

entirety because it contains witness statements and necessary contextual information for the jury. [*Id.* at 8–9]. Further, the parties agree that the officers should not be able to testify about causation. Therefore, the Court will only address whether the accident report must be excluded entirely.

Factual findings in an official police report are admissible as an exception to the hearsay rule. *Rhodes v. Curtis,* No. Civ. 04-476-P, 2006 WL 1047021, at *2 (E.D. Okla. Apr. 12, 2006) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988)).[1] However, evidence of causation or fault contained in a traffic report is inadmissible. *See* Fed. R. Evid. 803, 1974 Enactment Advisory Committee Note to Paragraph (8) ("The Committee intends that the phrase 'factual findings' be strictly construed and that evaluations or opinions contained in public reports shall not be admissible under this Rule."); *see also Deela v. Annett Holdings, Inc.*, No. CIV-17-483, 2019 WL 7605826, at *2 (E.D. Okla. Nov. 8, 2019) ("opinion conclusions contained in the traffic report will be excluded"); *Rhodes*, 2006 WL 1047021, at *2 ("To the extent that the

---

[1] The *Rhodes* court referenced Fed. R. Evid. 803(8)(C) as the hearsay exception for public records. However, Rule. 803(8)(C) is now contained within 803(8)(A)(iii). The 2011 Advisory Committee Note to the restyled Rule 803 explains:

> The language of Rule 803 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility.

4

report … reach[es] information about … the ultimate issue of which party is legally at fault, such information shall be excluded.").

Therefore, the factual findings contained in the accident report are admissible. However, any evidence of causation or fault contained in the report is inadmissible. The Court notes that Defendants' request was made to exclude the accident report in its entirety. In light of the Court's ruling, the parties should confer to determine what specific portions of the report, if any, should be excluded as improper opinions on ultimate issues or fault (which are issues reserved for the jury to determine).

Defendants' fourth request is GRANTED IN PART and DENIED IN PART, as outlined above.

## V. Photographs of Blake Haddox

Defendants next request that Plaintiffs be prohibited from introducing photographs of the decedent, Blake Haddox. [ECF No. 87 at 6]. Specifically, Defendants argue that pictures or diagrams of Haddox's injuries have "no bearing on the cause of the accident, nor on what damages Plaintiffs sustained because of the death." [*Id.* at 6–7]. Defendants contend Plaintiffs seek to introduce such evidence to inflame the jury. [*Id.* at 7]. In response, Plaintiffs argue that the position of Haddox's body relative to Moore's truck is relevant to determining the "likely course of events that occurred immediately before impact." [ECF No. 114 at 9]. The parties dispute whether

5

Moore struck and ran over Haddox or Haddox ran into Moore's trailer before going under the wheels. [ECF No. 130 at 5].

Neither party provided the Court with photographs they seek to exclude and/or include. Without seeing the photographs, the Court cannot conclude that any and all photographs of Blake Haddox are inadmissible on all potential grounds. *Tulsa Zoo Mgmt., Inc.*, 2019 WL 1562147, at *1. Defendants' fifth request is DENIED. Nevertheless, should Plaintiffs desire to introduce any picture of Blake Haddox, they shall notify the Court outside the presence of the jury before introducing it as evidence.

## VI. Blake Haddox's Death Certificate

In their sixth request, Defendants seek to exclude Haddox's death certificate. [ECF No. 87 at 7]. Defendants contend the death certificate is not relevant because "there is no dispute as to the fact that Haddox was killed in the accident and the cause of the same." [*Id.*]. Defendants further argue such evidence will waste time. Plaintiffs respond they intend to introduce his death certificate "as it lists his causes of death, which is relevant for the jury." [ECF No. 114 at 10].

In the absence of a stipulation, the Court agrees that evidence of the cause of Haddox's death is relevant. It is not for the Court to decide how Plaintiffs present their case. For these reasons, Defendants' sixth request is DENIED.

## VII. Violations Predating the Accident

Defendants also request that records relating to violations/infractions of CFL be excluded at trial. [ECF No. 87 at 7]. They argue the records are not relevant and are overly prejudicial. [*Id.*]. Plaintiffs respond that evidence of CFL's violation of federal regulations is "admissible to show a conscious disregard for the rights and safety of others." [ECF No. 114 at 11]. Plaintiffs allege that CFL "was involved in 98 crashes in the two years before this incident, and it had 1,204 violations of the Federal Motor Carrier Safety Act during that same time frame." [*Id.*].

Once again, this evidence has not been presented to the Court. The Court will not address the admissibility of each piece of potential evidence. Although some permissible use may exist, the Court does not have enough information to identify such a use at this time. "The burden of proving substantial similarity between the incident at issue and the prior events falls on the party seeking to admit the evidence." *Morgan v. Baker Hughes Inc.*, 728 F. App'x 850, 856 (10th Cir. 2018) (no abuse discretion in excluding evidence of similar incidents at defendant's facilities when the plaintiff did not establish the defendant was responsible for prior incidents) (citation omitted). Plaintiffs are advised that they will be required to establish that the prior violations have a "substantial connection to the accident at issue in this case." *Cox v. Swift Transp. Co. of Ariz. and L.L.C.*, No. 18-CV-0117-CVE-JFJ, 2019 WL 3719887, at *9 (N.D. Okla. Aug. 7, 2019).

Defendants' seventh request is DENIED.

### VIII. Statements from Witnesses Not Providing Testimony at Trial

Next, Defendants request the Court prohibit Plaintiffs from introducing written statements from Andrew Little and Bruce Gourd. [ECF No. 87 at 8]. This request is entirely premature as these witnesses are listed as "expect[ed] to present" in Plaintiffs' Pretrial Disclosures. [ECF No. 137]. The Court will address this issue at trial should it be necessary. For these reasons, Defendants' eighth request is DENIED.

### IX. Omnitracs Device

Defendants request that any testimony or argument that Moore's truck should have been equipped with an Omnitracs GPS device be excluded because it is not relevant, would confuse the jury, and is overly prejudicial. [ECF No. 87 at 8–9]. Plaintiffs respond that the evidence is relevant. [ECF No. 114 at 12]. Plaintiffs contend, "the lack of the system and the repercussions that followed created a situation where Defendants had a large commercial vehicle operating on public roadways in an unsafe condition—which contributed to the subject accident." [*Id.*]. The Court is not persuaded that the lack of the Omnitracs device is a fact of consequence in determining this action. Fed. R. Evid. 401.

Defendants argue that Moore's truck was not required to be equipped with an electronic logging device ("ELD") such as Omnitracs. [ECF No. 87 at 9]. The Court agrees. The applicable regulation provides, "a motor carrier operating commercial motor vehicles must install and require each of its drivers to use an ELD to record the driver's duty status … no later than December 18, 2017." 49 C.F.R. § 395.8(a)(1)(i). Here, the accident occurred on September 22, 2017. [ECF No. 2 at ¶ 8]. Therefore, Moore was not required to use an ELD at the time of the accident. Admission of any testimony or argument that Moore's truck should have been equipped with an ELD would distract the jury from the issues to be decided in this case. For these reasons, Defendants' ninth request is GRANTED.

## X.    Defendant Moore's Statement

Finally, Defendants request that Plaintiffs be prohibited from asking Moore why the written statement he provided to police does not indicate he had a green arrow when he turned. [ECF No. 87 at 9]. Defendants argue if Plaintiffs are permitted to ask such questions, it will insinuate Moore is lying and such testimony would be misleading and prejudicial. [*Id.* at 9–10]. Plaintiffs respond that "it is relevant to this case to inquire as to why Defendant Moore did not indicate in his written statement that he had a green arrow …." [ECF No. 114 at 13].

Any inconsistencies between Moore's written statement, deposition testimony, or trial testimony may be challenged during trial, subject to the Federal Rules of Evidence. Defendants' tenth request is DENIED.

DATED this 25th day of September, 2025.

_Sara E. Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE